IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ERIC L. CLARK,<br><br>  Plaintiff,<br><br>v.<br><br>CITIFINANCIAL SERVICES, INC., ET AL.,<br><br>  Defendants. | CIVIL ACTION FILE<br><br>No. 1:23-CV-01506-SCJ |

## ORDER

This matter again appears before the Court on frivolity review of Plaintiff's Amended Complaint.[1] Doc. No. [8]. The Court previously dismissed Plaintiff's Complaint without prejudice for failing to adequately plead that the Court had subject matter jurisdiction. Doc. No. [6]. In the prior dismissal, the Court gave Plaintiff 14-days to amend his complaint and cure its jurisdictional deficiencies. Id. Plaintiff thereafter filed the Amended Complaint (Doc. No. [8]), which is also

---

[1] All citations are to the electronic docket unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

now subject to frivolity review. Upon review, the Court concludes that Plaintiff has still failed to adequately plead subject matter jurisdiction, and thus his Amended Complaint must again be dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B).

The same legal standard used in the Court's prior Order applies to the instant frivolity review. A federal court must dismiss an *in forma pauperis* ("IFP") complaint if it is frivolous or fails to state a claim for relief. See 28 U.S.C. § 1915(e)(2)(B). Specifically, dismissal of an IFP application is appropriate "[w]hen a federal court concludes that it lacks subject-matter jurisdiction." Davis v. Ryan Oaks Apartment, 357 F. App'x 237, 238–39 (11th Cir. 2009) (quoting Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006)).

Plaintiff continues to proceed *pro se* and so the Court will "liberally construe[]" his amended complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 49 U.S. 97, 106 (1976)). "Pleadings filed by *pro se* litigants are given liberal construction, but '[the Court] nevertheless [] require[s] them to conform to procedural rules." Cornelius v. U.S. Bank Nat. Ass'n, 452 F. App'x 863, 865 (11th Cir. 2011) (quoting Moton v. Cowart, 631 F.3d 1337, 1341 n.2 (11th Cir. 2011)). Specifically, a *pro se* Plaintiff must still "affirmatively allege facts

2

demonstrating the existence of jurisdiction." Id. (quoting Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994)).

Plaintiff maintains in his Amended Complaint that this Court has diversity jurisdiction under 28 U.S.C. § 1332. Doc. No. [8]. Plaintiff again names corporations, individuals, and limited liability companies as Defendants. Id. at 1. In fact. The only alterations Plaintiff makes to his original Complaint are attempts to correct the subject matter jurisdiction deficiencies. Plaintiff does so by naming various States that the named Defendants are "located" in, "believed to be a resident and citizen" of, or the State of a limited liability company.[2] Id. at 3. The Court now addresses the three types of Defendants named in Plaintiff's Amended Complaint: corporations, limited liability companies, and natural persons (*i.e.*, individuals), and if Plaintiff asserted a basis for subject matter jurisdiction in this case.

---

[2] For Defendant Wilmington Savings Fund Society, FSB, the Court is not certain about what type of entity this Defendant is. For his part, Plaintiff refers to Defendant Wilmington Savings Fund Society as a "corporation" but still fails to adequately allege corporate citizenship because he only alleges that this Defendant is "located in Wilmington, Delaware." Doc. No. [8], 3. If a national bank, then "it is a citizen of the State in which its main office is located, as set forth in its articles of association," which is, again, information omitted from Plaintiff's Amended Complaint. Ham v. Nationstar Mortg., LLC, No. 3:15-CV-939-J-39JBT, 2017 WL 11002079, at *1 (M.D. Fla. Apr. 10, 2017) (citing 28 U.S.C. 1348 and Wachovia Bank v. Schmidt, III, 546 U.S. 303 (2006)).

3

Plaintiff names one corporation as a Defendant: CitiFinancial Services, Inc. Id. at 1. A corporation is a citizen of the state of its incorporation and its principal place of business. See 28 U.S.C. § 1332(c)(1). "A corporation's 'principal place of business' is 'the place where the corporation's high level officers direct, control, and coordinate the corporation's activities,' often called the corporation's 'nerve center.'" Laule v. JV China, Inc., No. 22-10263, 2022 WL 2352362, at *2 (11th Cir. June 29, 2022) (quoting Hertz Corp. v. Friend, 559 U.S. 77, 80-81 (2010)). "Normally, a corporation's headquarters would constitute its nerve center . . . ." Id. Plaintiff, conversely however, only alleges Defendant CitiFinancial Services is "located" in Florida. Doc. No. [8], 3. The "location" of the corporate Defendant tells the Court nothing about its principal place of business or state of incorporation (as required) and thereby Plaintiff has failed to allege any basis for the Court to determine the citizenship of Defendant CitiFinancial Services.

Plaintiff also names several LLCs as Defendants: (1) Ace Homes, LLC; (2) Aspen Properties Group, LLC; (3) Total Property Solutions, LLC; and (4) Carrington Mortgage Services, LLC. Id. at 1. An LLC is a citizen of "each state in which its members are citizens." CityPlace Retail, LLC v. Wells Fargo Bank N.A., No. 20-11748, 2021 WL 3486168 *1 (11th Cir. July 15, 2021). Plaintiff's

complaint, again, however, omits any suggestion of this required information. For each limited liability company Defendant, Plaintiff either merely asserts that the LLC is a limited liability company of a particular State or that it is "located" in a State. See, e.g., Doc. No. [8], 3 ("Ace Homes LLC, is a corporation located in Norcross, Georgia."); id. ("Aspen Properties Group, LLC is a Missouri limited liability company."); id. ("Total Properties Solutions LLC is a corporation located in Avondale, Pennsylvania."); id. ("Carrington Mortgage Services LLC is a corporation located in Anaheim, California."). None of these assertions, however, indicate anything about each LLC's members' citizenship. Thus, the Court cannot assert its subject matter jurisdiction based on Plaintiff's claims about the LLC Defendants.

Plaintiff finally names the following individuals as Defendants: Susan Schotsch, Charles J. Brisew, Ben Fraser, David F. Caballero, and Chris Lechtanski. A natural person's citizenship is his or her "domicile," or more specifically, "the place of 'his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom.'" McCormick v. Aderholt, 293 F.3d 1254, 1257–58 (11th Cir. 2002) (quoting Mas v. Perry, 489 F.2d 1396, 1399 (5th Cir. 1974)). Again, Plaintiff's assertions are

inadequate for these individual Defendants' citizenship. For Defendant Schotsch, Plaintiff alleges that Schotsch "is *believed* to be a resident and citizen of the state of Florida." Doc. No. [8], 3 (emphasis added). But "alleging citizenship 'upon information and belief' is insufficient to establish diversity jurisdiction." Griffith v. Ingrum, No. 4:20-CV-195-MHC, 2020 WL 13594968, at *2 (N.D. Ga. Aug. 31, 2020) (citing Endurance Am. Specialty Ins. Co. v. Morris Hardwick Schneider, LLC, No. 1:16-CV-01375-ELR, 2018 WL 8949294, at *2 (N.D. Ga. Aug. 27, 2018)). For Defendants Fraser, Caballero, and Lechtanski, Plaintiff only asserts the location (*i.e.*, State) of the limited liability corporations these individuals are associated with in the Complaint. See, e.g., Doc. No. [8], 3 ("Ben Fraser, MD is employed by Aspen Properties Group, LLC, a Missouri limited liability company. He is subject to the jurisdiction of this court."[3]). These allegations are insufficient to assert the citizenship of these natural persons for purposes of assessing whether the Court has diversity jurisdiction in this matter.

---

[3] Similar allegations are made for (1) Defendant Brisew, alleged to be "Vice-President or Former Vice-President of the Aspen Properties Group, LLC a Missouri limited liability company," (2) Defendant Caballero, "a Manager for Total Properties Solutions LLC, a Pennsylvania limited liability company," and (3) Defendant Lechtanski, "the Vice-President of Carrington Mortgage Services LLC, a California limited liability company." Doc. No. [8], 3.

To conclude, the Court alternatively notes that even if Plaintiff's assertions of citizenship for these aforementioned Defendants were sufficient, the Court would have to dismiss Plaintiff's amended complaint for lack of subject matter jurisdiction under 28 U.S.C. § 1332 because there is no complete diversity between Plaintiff and the Defendants. Complete diversity requires "*every* plaintiff . . . be diverse from *every* defendant." Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998) (emphasis added). Plaintiff asserts that he "resides" in Georgia,[4] and then goes on to state that named Defendant Ace Homes LLC is also "located" in Georgia. Thus—again, even assuming that Plaintiff's assertions of his "residency" and Defendant Ace Homes LLC's "location" are sufficient for determining citizenship (which they are not)—Plaintiff's assertions show that he is not diverse from every named Defendant as required under Section 1332.

---

[4] To be clear, the Court does not find that Plaintiff has adequately alleged his own citizenship. He asserts that he is a "citizen of the United States" and "*resides* in Georgia." Doc. No. [8], 3 (emphasis added). But residency is not the same as citizenship for purposes of assessing diversity jurisdiction under 28 U.S.C. § 1332. See Taylor, 30 F.3d at 1367 ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person.").

7

Accordingly, the Court concludes that Plaintiff has again failed to adequately allege its subject-matter jurisdiction over this case.[5] The Court hereby **DISMISSES WITHOUT PREJUDICE**[6] Plaintiff's Amended Complaint (Doc. No. [8]) as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and **DIRECTS** the Clerk to close this case.

IT IS SO ORDERED this ___31st___ day of May, 2023.

_____
HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE

---

[5] Plaintiff did not alter his substantive allegations in his Amended Complaint and thus the Court maintains its prior conclusion that the face of the complaint does not assert a federal question for jurisdiction under 28 U.S.C. § 1331. See Doc. No. [6], 4 n. 4.

[6] "A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice." Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc., 524 F.3d 1229, 1232 (11th Cir. 2008) (citing Crotwell v. Hockman-Lewis Ltd., 734 F.2d 767, 769 (11th Cir. 1984)).